IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

HARRY G. SCHMIDT, JR.

    Plaintiff,

v.

OSHKOSH CORRECTIONAL INSTITUTION,

    Defendant.

OPINION and ORDER

Case No. 16-cv-30-slc

Plaintiff Harry Schmidt filed this proposed civil action under 42 U.S.C. § 1983 claiming that he was denied medical care related to a back injury and his breathing problems while incarcerated at Oshkosh Correctional Institution ("OCI"). (Dkt. 1). Schmidt then filed a document labeled "Amendment Complaint" (dkt. 20), which the court will construe it to be a supplement to his complaint. The parties consented to magistrate judge jurisdiction, and on November 3, 2016, this case was reassigned to me. (Dkt. 36.) Schmidt's complaint now is ready for screening under 28 U.S.C. § 1915A.[1] Schmidt alleges facts sufficient to state an Eighth Amendment claim, but he has not named a proper defendant. Schmidt must name a proper defendant before this court will grant him leave to proceed.

Schmidt has some other requests that I will address below. He filed two motions for restraining orders (dkts. 4, 28), as well as several letters requesting release from prison, all of which I am denying. Finally, Schmidt filed a letter asking that Theodore Nanz be appointed as an attorney for his case. (Dkt. 22.) I am denying that request as well.

---

[1] Schmidt also filed a document labeled "My Statement" (dkt. 7). This document, which Schmidt also filed as a supplement to his habeas petition, *see Schmidt v. Wisconsin*, No. 16-cv-31-wmc, dkt. 5 (W.D. Wis. Jan. 15, 2016), appears to include his statements related to the crime for which he is currently incarcerated. Because th instant case is about the treatment that Schmidt received during his incarceration, I am disregarding the "My Statement" document for purposes of screening.

1

ALLEGATIONS OF FACT[2]

Schmidt currently is incarcerated at OCI. In his complaint, OCI is the only defendant he names. Schmidt alleges that on July 23, 2015, he went to the Health Services Unit ("HSU") because he had fallen out of bed and hurt his back. Schmidt told an unnamed nurse about his fall, but she did not give him any medical treatment or provide any x-rays. Instead, she denied his request to see a doctor and gave him a muscle rub and exercises.

On another occasion, a nurse practitioner named Bowen denied Schmidt access to a Continuous Positive Airway Pressure ("CPAP") machine, which Schmidt requested because he has a sleep disorder that causes him to stop breathing. Schmidt claims that, as a result of the nurse and nurse practitioner denying his requests, his back hurts when he walks up stairs and when he tries to sleep, and that he gets very little sleep because he is afraid that he will stop breathing because he does not have a CPAP machine.

OPINION

Schmidt does not actually cite to the Eighth Amendment in his complaint, but it would be the correct constitutional provision to cite because it does not allow prison officials to be "deliberately indifferent" to a "serious medical need." *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). A "serious medical need" is a condition that a doctor has recognized as needing treatment, or a condition so obvious that even a lay person would recognize the need for medical treatment. *Johnson v. Snyder*, 444 F.3d 579, 584-85 (7th Cir. 2006). "Deliberate

---

[2] In addressing any pro se litigant's complaint, the court must read the allegations generously. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). For purposes of this order, the court assumes the facts above based on the allegations in Schmidt's complaint.

indifference" means that prison health care providers (and sometimes other prison officials) are aware that the prisoner actually needs medical care, but they choose not to provide reasonable treatment. *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997).

Schmidt cannot go forward with his complaint the way he wrote it because the only defendant he has named is OCI, his correctional institution. Claims brought under the Eighth Amendment pursuant to 42 U.S.C. § 1983–like Schmidt's claim here–must be alleged against "persons." A correctional institution is not a "person." This means that this court must dismiss OCI as a defendant. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58 (1989).

But, based on Schmidt's allegations against the unnamed nurse and nurse practitioner Bowen, I will give Schmidt the opportunity to amend his complaint by adding them as defendants. Schmidt alleges that the unnamed nurse knew that Schmidt had hurt his back in a fall but she refused to let him have an x-ray and refused to let him see a doctor. These allegations, paired with Schmidt's claims of continued back pain, are enough to state a claim that the unnamed nurse ignored Schmidt's serious medical needs. Similarly, Schmidt's allegations that Bowen denied his request for a CPAP machine, denied his request for x-ray and denied his request see a doctor despite Bowen's knowledge as to why Schmidt was making this requests are enough to state a claim that Bowen was deliberately indifferent to Schmidt's reports that he stopped breathing when he slept and that his back was injured. Accordingly, the court will permit Schmidt the opportunity to amend his complaint to add Bowen and the unnamed nurse as defendants.

Moving on, Schmidt has asked this court to issue restraining orders requiring the Wisconsin Department of Corrections to release him from custody to live with his mother or at a place close to his family. To obtain a restraining order or a preliminary injunction, Schmidt must show: (1) a likelihood of success on the merits of his case; (2) a lack of an adequate remedy at law; and (3) an irreparable harm that will result if the injunction is not granted. *Lambert v. Buss,* 498 F.3d 446, 451 (7th Cir. 2007). If Schmidt were to meet these three requirements, then the court would balance the harm to Schmidt from denying the motion against the harm to the DOC and the State from granting the motion. *Id.* The court also must consider the "public interest in granting or denying an injunction." *Id.*

Schmidt's motions fail at step one: he has not established that his claim is likely to succeed on the merits. Schmidt alleges that his medical needs have been treated poorly and that he gets bullied by prison staff and other inmates, but Schmidt has not provided any factual support for his claims, he has not explained how the DOC has violated any of his federal rights and he has not shown why the appropriate remedy would be release from state custody. Accordingly, I am denying Schmidt's motions.

Finally, Schmidt asks this court to appoint Attorney Theodore Nanz to represent him in this lawsuit.. Schmidt states that he does not have money to pay Nanz now, but that he will pay Nanz after he wins this case. I am denying this motion also. First, this court never "orders" any lawyer to represent a pro se plaintiff in a civil case. Instead, in the right circumstances, the court will recruit a volunteer attorney for a pro se plaintiff. The court will recruit counsel only if it determines that (1) the plaintiff has made reasonable attempts to

4

hire a lawyer on his own but has failed and (2) the complexity of the case exceeds the plaintiff's ability to litigate it on his own. *See Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007) (setting forth standard for appointment of counsel). Schmidt has not shown either of these things, at least not yet.

If Attorney Nanz *wants* to represent Schmidt in this civil lawsuit, then Nanz can make arrangements with Schmidt to do so and then file a notice of appearance with the court. But this court will not order Nanz to represent Schmidt this case. At this point, it is too early for this court even to check with Attorney Nanz to see if he has interest whatsoever in being Schmidt's volunteer attorney. If we ever get to that point, then Attorney Nanz would be free to say "no" and that would be the end of it.

But we aren't to that point yet. After Schmidt has filed an amended complaint and this case has moved a few steps forward through the litigation process, then Schmidt may file a motion asking for court assistance in recruiting a lawyer. Before Schmidt files such a motion, he must try to find an attorney on his own. If three attorneys say "no" to Schmidt, then he can file his motion, in which he must provide the names and addresses of the three attorneys who have declined to represent him in this case. Schmidt also would have to explain why he cannot litigate the case on his own. If we get to that point, then the court would evaluate whether there is a need to recruit a volunteer attorney to assist Schmidt.[3]

---

[3] This court would find a volunteer attorney for every pro se prisoner plaintiff if the court had enough volunteer attorneys to go around. But the court gets about 250 to 300 lawsuits from pro se plaintiffs every year and we only have about 30 volunteer attorneys who will take one case per year. I mention this only to make clear to Schmidt that this is not about making him jump through unnecessary hoops, and it's not about the court holding out on him for no logical reason. This court has no choice except to match up its volunteer attorneys with the pro se plaintiffs who need them the most.

ORDER

IT IS ORDERED that:

1. Plaintiff Harry Schmidt's motions for restraining orders (dkts. 4, 28) both are DENIED.

2. Schmidt's motion to appoint Theodore Nanz as attorney in this case (dkt. 32) is DENIED.

3. Schmidt may have until November 21, 2016, to amend his complaint to name proper defendants. Any amended complaint will be screened in accordance with 28 U.S.C. § 1915A.

4. Defendant Oshkosh Correctional Institution is DISMISSED from this lawsuit.

5. If Schmidt does not file an amended complaint as directed, then this case will be dismissed and Schmidt will receive a STRIKE pursuant to 28 U.S.C. § 1915(g) for failure to state a claim upon which relief will be granted. *See* § 1915(g) (barring a prisoner with three or more "strikes," or dismissals for filing a civil action or appeal that is frivolous, malicious, or fails to state a claim, from bringing any more actions or appeals *in forma pauperis* unless he is in imminent danger of serious physical injury).

Entered this 7th day of November 2016.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge